27 C.C.P.A. (Patents)

## CAHILL v. MAXANT.

### Patent Appeal No. 4328.

Court of Customs and Patent Appeals.

July 1, 1940.

Howard J. Churchill, of New York City (Robert I. Dennison, of Washington, D. C., of counsel), for appellant.

Cyrus Kehr & Swecker, of Washington, D. C., (J. Preston Swecker, of Washington, D. C., of counsel) for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, in an interference proceeding, affirming that of the Examiner of Interferences awarding priority of invention expressed in the nineteen counts in issue to appellee. Counts 1 to 11, inclusive, originated in the application of appellee and counts 12 to 19, inclusive, originated in the application of appellant.

The interference involves an application of appellant, serial No. 104,609, filed October 8, 1936, and an application of appellee, serial No. 91,013, filed July 16, 1936. Appellant is therefore the junior party and has the burden of proving his case by a preponderance of the evidence.

Counts 17 and 19 are representative and read as follows:

"17. A plaiting machine comprising a pair of frame members, a roll supported in said frame members, a plaiting knife co-

1022

operating with the surface of said roll and adapted to engage material which passes over said roll and to plait the same, a plurality of bands when in operative position engaging the surface of said roll for holding the material to be plaited in contact therewith, each of said bands having one end rigidly mounted and the other end swingably mounted, a transverse bar to which the swingable ends of such bands are secured, a pair of brackets pivoted to the frame members and in which the transverse bar is mounted, said brackets and bar being adapted to be swung upwardly to an inoperative position to disengage the brands from the surface of said roll to permit the material to be threaded therebetween."

"19. A plaiting machine according to Count 17, having locking means for locking the brackets in operative or inoperative position."

A succinct statement of the nature of the invention is taken from the decision of the Board of Appeals as follows:

"The subject matter of the interference relates to certain improvements made on plaiting machines of the type put out by the Chandler Machine Company of Ayer. Massachusetts. This type of machine is well illustrated in Exhibit S of Maxant and also in the application drawings of Cahill. This machine consists generally of two upright side frames between which extends a comparatively large cylinder which is held non-rotatable by set screws. This cylinder is heated and the material to be plaited is passed thereover. In order to press the material tightly against a portion of the surface of the cylinder a plurality of flexible metal bands are secured to a cross frame at the back of the machine and extend transversely across a part of the surface of the cylinder. At the front end springs are attached to a cross bar at the front of the machine. Variable tension can be applied to the spring and band and an intermediate cross bar can be adjusted so as to determine the arc of the cylinder with which the material may contact. The material such as silk or the like with upper and lower layers of paper, is fed between the bands and the cylinder by means of a reciprocating knife. During operation, one or the other of the paper layers would become broken and it was a difficult job to again thread the machine. Both parties to this interference were aiming to overcome

this difficulty and did it in practically the same way. That is, by pivoting L-shaped brackets to the inner surfaces of the side frames and securing the front tension bar and the arc changing bar to said brackets. When this frame is in its lowered or operative position it is held in place by latches, but in case rethreading is desired, this frame can be elevated to the position shown in Fig. 3 of the Cahill drawings."

In his preliminary statement the appellant alleged as his date of conception of the invention and disclosure to others October 1, 1933, and reduction to practice on January 20, 1936. Appellee, in his preliminary statement, alleged that he conceived the invention and disclosed it to others in March 1932, and reduced it to practice about April 1935.

Both parties took testimony and presented exhibits in evidence. The Examiner of Interferences awarded appellant February, 1936 for his earliest date of conception of the invention, and June 30, 1936, for his successful reduction of it to practice. The examiner held that appellee conceived the invention and reduced it to practice by the end of January 1936. The Board of Appeals affirmed the holdings of the Examiner of Interferences.

It appears that prior to October, 1933 appellant, a machinist, called frequently at the establishment of Shapiro Bros. & Frankel, of New York City, a firm engaged in the plaiting and stitching business, for the purpose of servicing plaiting and sewing machines. In the place of business of the firm was a plaiting machine made by the Chandler Machine Company, of which appellee was an officer, and from time to time appellant made repairs on this machine. The machine was of the old type and contained no means for readily inserting the paper if it became severed or jammed. Whenever this condition arose in this type of machine it was necessary to call in a repair or service man to clear out the machine and to rethread the paper.

Appellant testified that in October 1935 he spoke to Mr. Frankel of Shapiro Bros. & Frankel, "about changing his machine over to get that result," namely, to provide means on the machine to overcome readily the difficulty present in the old machine of rethreading it. Appellant fixed a price for "changing it over" in the sum of one hundred dollars. Assuming that he was to alter the machine, appellant had a

wooden pattern made of what he claims to be "the main part of the machine," as changed, from a sketch prepared by appellant. Frankel refused to go ahead with the plan, for the reason that he did not care to spend any more money on the machine. Appellant urged Frankel, on subsequent occasions, to permit appellant to change the machine and in January 1936 appellant obtained permission from Frankel to make the change without charge. Appellant then had castings for the tilting frame made from the wooden pattern, and a machine corresponding to the counts was completed some time in February 1936. At this time the machine was operated by passing plaiting paper through the rolls and bands. Several similar machines were subsequently made by appellant, the first of which was sold by June 30, 1936, and the remainder during the year 1936.

The issue before us is whether or not appellant has sustained his burden of proof, by a preponderance of the evidence, as to conception and reduction to practice prior to January 1936.

The Examiner of Interferences was of opinion that appellant, in November 1933, had in mind some improvements on the said existing Chandler machine but that the exact nature thereof was not disclosed in the testimony of any of the witnesses. The examiner therefore held that appellant established conception of the invention some time in February 1936, at the earliest, and successful reduction to practice by June 30, 1936.

Appellant's contentions as to conception are based mainly upon Exhibit 1. It does not appear that he ever made a sketch of the completed machine. Exhibit 1, which was the pattern from which all of the bracket castings for the tilting frames of the machines of appellant were made, differs materially from the finished brackets. The finished brackets had holes bored for pivot bolts, a slot was made at the junction of the two arms of each bracket for an arc changing bar, and the end of the longer arm was slotted to receive the tension bars. None of these details was testified to by the witness Frankel or by the partner of appellant, and it was upon these witnesses that appellant relied for his proof of disclosure. Their testimony is entirely unsatisfactory as to the actual structure of the device. In fact it appears that the only definite memory they had was concerning the results of the operation of the invention. We have no doubt but that appellant could have fully disclosed his invention to the two witnesses, but from their testimony we are unable to perceive that he did. Undoubtedly, in 1933 he had in mind some improvements on the plaiting machine but from the record we cannot say that prior to February 1936 he had a conception of the structure covered by the involved counts.

The record for appellee amply shows that in January 1936 his machine which conforms in all respects to the requirements of the counts was received in the showroom of the Chandler Sales and Service Company in New York City where it remained without change until November 1936 when it was sold for use to the Royal Flower Company in New York City. It was still in the possession of the Royal Flower Company at the time the testimony for appellee was being taken and the record discloses that it was in the same condition as when sold. It appears from the record that this machine was successfully tested by plaiting fabrics therein in 1935. While the exact dates of the testings were not fixed, it was held by the tribunals below that they must have occurred at least by the end of January 1936.

It appears to us that there was no error in the holding that appellee conceived and reduced the invention to practice as above stated. Since this date is prior to any dates proved by appellant, the decision of the Board of Appeals is affirmed.

Affirmed.